IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**JEREMIAH DAVIDSON, Individually and**                 **PLAINTIFF**
**on Behalf of Others Similarly Situated**

vs.                                No. 4:22-cv-4345

**LAUSON DRILLING SERVICES, INC.**                       **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Jeremiah Davidson, individually and on behalf of others similarly situated, by and through undersigned counsel, for his Original Complaint—Collective Action ("Complaint") against Defendant Lauson Drilling Services, Inc. ("Defendant"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA.

### II. JURISDICTION AND VENUE

3. The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendant does business in Alleyton, and the acts complaint of herein were committed and had their principal effect against Plaintiff within the Southern District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III.   THE PARTIES

5. Plaintiff is an individual and resident of Galveston County.

6. Defendant is a domestic, for-profit corporation.

7. Defendant's registered agent for service is Raymond Bubak at 4861 Highway 90, Alleyton, Texas 78935.

8. Defendant maintains a website at https://www.lausondrilling.com.

### IV.   FACTUAL ALLEGATIONS

9. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

10. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of this Complaint.

11. Defendant is an "employer" within the meanings set forth in the FLSA and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

12. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

13. Defendant employed Plaintiff within the three years preceding the filing of this Complaint.

14. Specifically, Defendant employed Plaintiff from August of 2021 until June of 2022.

15. Defendant classified Plaintiff as nonexempt from the overtime requirements of the FLSA and paid him an hourly wage.

16. Plaintiff was employed as a Derrick Hand, and his primary duties included making chemicals, servicing and installing pipes, performing maintenance of pumps, and driving to and from job sites.

17. Plaintiff was regularly required to drive from his home in Dickinson to Defendant's job sites in cities such as Columbus, Victoria and Schulenburg.

18. Defendant also employed other hourly-paid employees who were regularly required to drive to job sites ("Traveling Employees").

19. Defendant also classified other Traveling Employees as nonexempt from the overtime requirements of the FLSA and paid them an hourly wage.

20. At all relevant times herein, Defendant directly hired Plaintiff and other Traveling Employees, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

21. 29 C.F.R. § 785.39 states, "Travel that keeps an employee away from home overnight is travel away from home. Travel away from home is clearly worktime when it cuts across the employee's workday. The employee is simply substituting travel for other duties. The time is not only hours worked on regular working days during normal working hours but also during the corresponding hours on nonworking days."

22. Plaintiff and other Traveling Employees regularly traveled to job sites and remained there overnight.

23. Plaintiff and other Traveling Employees traveled during normal business hours.

24. Defendant did not pay Plaintiff for drive time during normal working hours when Plaintiff traveled to a job site.

25. Upon information and belief, Defendant also did not pay other Traveling Employees for their drive time during normal working hours when they traveled to a job site.

26. Due to Defendant's practice of refusing to pay Plaintiff and other Traveling Employees for drive time during normal working hours when traveling to a job site, Plaintiff and other Traveling Employees worked hours which went uncompensated.

27. Plaintiff was required to arrive at job sites at 6:00 AM, and he was not paid for work he performed before that time.

28. Plaintiff regularly spent at least one hour each morning working at his house to prepare his tools before driving to the first job site.

29. Upon information and belief, other Traveling Employees also had to spend time preparing tools before driving to the first job site.

30. Because Plaintiff and other Traveling Employees completed a "first compensable act" before driving to Defendant's job sites, the time Plaintiff and other Traveling Employees spent driving to the first job site constitutes hours worked which went uncompensated.

31. Additionally, Plaintiff worked hours off the clock for which he was not paid. Specifically, Plaintiff was not always paid for the time he spent driving between job sites during the process of moving oil rigs.

32. Plaintiff regularly worked more than forty hours in a week.

33. Other Traveling Employees also regularly or occasionally worked over forty hours in a week.

34. Plaintiff and other Traveling Employees worked hours which went uncompensated in weeks in which they also worked hours over forty.

35. At all relevant times herein, Defendant has deprived Plaintiff and other Traveling Employees of overtime compensation for all hours worked over forty per week.

36. The net effect of Defendant's practices and policies regarding its time keeping practices, as described above, is that Defendant intentionally failed to pay Plaintiff and other Traveling Employees for all hours worked.

37. Defendant made no reasonable efforts to ascertain and comply with applicable law.

38. Defendant knew or should have known that Plaintiff and other Traveling Employees were working hours for which they were not compensated.

39. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

40. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, on behalf of all persons similarly situated

who were, are, or will be paid wages by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A.    Regular and overtime wages for all hours worked over 40 hrs in any week;

    B.    Liquidated damages; and

    C.    Attorneys' fees and costs.

41.    Plaintiff proposes the following collective under the FLSA:

**All hourly paid employees who traveled to a job site and remained at the job site for at least one night within the last three years.**

42.    In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

43.    The relevant time period dates back three years from the date on which this Complaint was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

44.    The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A.    They were paid hourly;

    B.    They traveled to at least one job site and remained at the job site for at least one night;

    C.    They recorded their time in the same manner;

    D.    They were not paid for drive time during normal working hours;

    E.    They were not paid for hours worked prior to arriving at a job site; and

    F.    They had the same or substantially similar job duties and requirements.

45.    Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds 20 individuals.

46. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

47. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

48. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

49. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

50. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

51. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

52. Defendant classified Plaintiff as nonexempt from the requirements of the FLSA.

53. Defendant failed to pay Plaintiff for all hours worked, including 1.5x his regular rate for all hours over 40 hours per week as required by the FLSA.

54. Defendant knew or should have known that its actions violated the FLSA.

55. Defendant's conduct and practices, as described above, were willful.

56. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorneys'

fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of this Complaint, plus periods of equitable tolling.

57. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

58. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

59. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

60. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

61. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

62. Defendant classified Plaintiff and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

63. Defendant failed to pay Plaintiff and similarly situated employees for all hours worked, including 1.5x their regular rate for all hours over 40 hours per week.

64. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over 40 per week, in violation of the FLSA.

65. Defendant knew or should have known that its actions violated the FLSA.

66. Defendant's conduct and practices, as described above, were willful.

67. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorneys' fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of this Complaint, plus periods of equitable tolling.

68. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

69. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jeremiah Davidson respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B.      Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.      Judgment for damages suffered by Plaintiff and all others similarly situated for all unpaid wages under the FLSA and its related regulations;

D.      Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA and its related regulations;

E.      An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**JEREMIAH DAVIDSON, Individually and On Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ Colby Qualls*
Colby Qualls
Ark. Bar No. 2019246
colby@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com