IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**JEREMIAH DAVIDSON, Individually and**            **PLAINTIFF**
**on Behalf of Others Similarly Situated**

vs.            No. 4:22-cv-4345-KMH

**LAUSON DRILLING SERVICES, INC.**            **DEFENDANT**

### JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER
### RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

1. <u>State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.</u>

   The parties met and conferred by email on May 15, 2023. Josh Sanford and Colby Qualls, attorneys for Plaintiff Jeremiah Davidson ("Plaintiff"), and Mark D. Temple and Emil M. Sadykhov, attorneys for Defendant Lauson Drilling Services, Inc. ("Defendant"), participated.

2. <u>List the cases related to this one that are pending in any state or federal court with the case number and court.</u>

   None.

3. <u>Briefly describe what this case is about.</u>

   <u>Plaintiff's Contentions:</u>

   Plaintiff brings this action under the Fair Labor Standards Act ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and other similarly situated employees all overtime wages as required by the FLSA.

   Plaintiff worked for Defendant as a Derrick Hand from approximately August of 2021 until June of 2022. As part of his job requirements, Plaintiff was regularly required to drive from his home in Dickinson to Defendant's job sites in cities such as Columbus, Victoria and Schulenburg, and he would frequently be required to remain at these job sites overnight. Defendant did not pay Plaintiff for his drive time during

normal working hours when he traveled to a job site. In addition, Plaintiff was required to arrive at job sites at 6:00 AM and would not be paid for any work performed before that time. Plaintiff would regularly spend at least an hour each morning working at his house to prepare his tools before driving to his first job site, which would also be uncompensated. Furthermore, Plaintiff was not always paid for the time he spent driving between job sites during the process of moving oil rigs. Based on the above examples, Defendant failed to pay Plaintiff for all hours worked, and because Plaintiff regularly worked more than forty hours in a week, he is entitled to that unpaid overtime for his uncompensated hours.

Defendant also employed other hourly-paid traveling employees who were regularly required to drive to job sites. Upon information and belief, these other traveling employees were similarly uncompensated for their drive time during normal working hours when they traveled to a job site, as well as the time spent preparing their tools each morning before driving to their first job site. In addition, upon information and belief, other traveling employees also regularly or occasionally worked over forty hours in a week. Plaintiff seeks to bring claims on behalf of all other traveling employees similarly situated.

<u>Defendant's Contentions:</u>

Defendant denies that it violated the FLSA with regard to Plaintiff or any other employee, including without limitation because Plaintiff was paid an overtime premium at a rate of 1.5 times his regular rate for all hours he reported working over forty per workweek, and because Plaintiff's allegations regarding unpaid travel time and off-the-clock work are either factually inaccurate, legally insufficient, or both. Defendant further denies that this lawsuit may be certified as a collective action under the FLSA.  Defendant further contends that any alleged action or omission that Plaintiff alleges violated the FLSA (which Defendant denies) was not willful or reckless, but rather was in good faith and based upon a reasonable belief that such action or omission was not a violation of the FLSA.  Thus, a three-year statute of limitations and liquidated damages are not warranted.

4. <u>Specify the allegation of federal jurisdiction.</u>

   The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. <u>Name the parties who disagree and the reasons.</u>

   None.

6. <u>List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.</u>

    Plaintiff brings collective allegations and intends to move for certification of a collective for all hourly paid employees who traveled to a job site and remained at the job site for at least one night within the last three years. Defendant denies that this lawsuit should proceed as a collective action under the FLSA. The Parties propose that the deadline to add parties and file a motion for certification be September 4, 2023.

7. <u>List anticipated interventions.</u>

    The parties are not aware of any anticipated interventions at this time.

8. <u>Describe class-action issues.</u>

    Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons Plaintiff alleges are similarly situated who were, are, or will be employed by Defendant within the relevant time period, and who are entitled to payment of the following types of damages: Overtime wages for all hours worked over forty hours in any week; liquidated damages; and attorney's fees and costs. Defendant denies that this lawsuit should proceed as a collective action under the FLSA. Plaintiff anticipates filing a motion to certify the collective action within 90 days after the initial pretrial and scheduling conference.

9. <u>State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.</u>

    Initial disclosures have not yet been exchanged. The parties have agreed that they will make their initial disclosures on or before June 26, 2023.

10. <u>Describe the proposed agreed discovery plan, including:</u>

    A.    Responses to all the matters raised in Rule 26(f), including any agreements and disputes concerning electronic discovery;

        1.    <u>Any changes in timing, form, or requirements of initial disclosures under Fed. R. Civ. P. 26(a).</u>

            The parties agree to make their initial disclosures on or before June 26, 2023.

        2.    <u>Subjects on which discovery may be needed.</u>

- All of the elements of Plaintiff's claims and Defendant's defenses to those claims;

- Issues related to collective action certification;
- Issues related to willfulness / intent; and
- Alleged Damages.
- To the extent that any additional plaintiffs opt-in to join this lawsuit, similar discovery may be needed on their claims and alleged damages, and Defendant's defenses.

3. <u>Whether any party will likely be requested to disclose or produce information from electronic or computer-based media. If so:</u>

   a. <u>whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;</u>

   The parties anticipate that disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business.

   b. <u>the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;</u>

   Unknown at this time.

   c. <u>the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;</u>

   The parties will produce data in electronic format. If the data is ordinarily maintained in paper format, the parties agree to produce the data in electronic format in consecutively paginated bates numbers. The parties agree to produce ESI in a reasonably accessible electronic format such as PDF.

   d. <u>whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;</u>

   The parties have been made aware of the need to maintain the relevant records taken in the ordinary course of business.

   e. <u>other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.</u>

   None known at this time.

    4. <u>Date by which discovery should be completed.</u>

    Eight months after the Court's resolution of Plaintiff's anticipated motion for collective action certification.

    5. <u>Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.</u>

    The parties consent to the electronic service of all documents that require service on an opposing party, including but not limited to Initial Disclosures, Interrogatories, Requests for Production of Documents, Requests for Admissions, and Notices of Deposition, as well as Responses to Interrogatories, Requests for Production of Documents, and Requests for Admission, at the primary e-mail address at which each attorney of record receives ECF filings in this case and to Plaintiff(s) at discovery@sanfordlawfirm.com. The parties agree that discovery may be signed by e-signature rather than by hand. The parties agree to produce and deliver paper or electronic copies of any documents which would ordinarily be produced subject to Federal Rules of Civil Procedure 26 or 34.

    6. <u>Any Orders, e.g. protective orders, which should be entered.</u>

    The parties will confer on a proposed protective order for submission to the Court, as necessary.

    7. <u>Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.</u>

    None at this time.

    8. <u>Proposed Order pursuant to Federal Rule of Evidence 502.</u>

    The parties' proposed Rule 502 order is attached hereto as Exhibit A, and the parties respectfully request that the Court enter it.

B.     When and to whom the plaintiff anticipates it may send interrogatories;

Plaintiff anticipates sending interrogatories to Defendant no less than 30 days prior to the discovery deadline.

C.     When and to whom the defendant anticipates it may send interrogatories;

        Defendant anticipates sending interrogatories to Plaintiff and any opt-in plaintiffs during the discovery period. Such interrogatories shall be submitted in sufficient time so that the response may be submitted by the close of discovery.

D.      Of whom and by when the plaintiff anticipates taking oral depositions;

        Plaintiff anticipates taking one or two FRCP 30(b)(6) depositions prior to the discovery deadline. Plaintiff reserves the right to object to depositions in excess of those allowed by the Federal Rules of Civil Procedure.

E.      Of whom and by when the defendant anticipates taking oral depositions;

        Defendant anticipates taking the oral deposition of Plaintiff, any opt-in plaintiffs, and any other necessary fact and/or expert witness before the close of discovery.

F.      When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

        Plaintiff does not anticipate the use of experts at this time. However, to the extent experts are required, Plaintiff will be able to timely designate experts and provide reports by November 22, 2023.

        Defendant will be able to designate experts (if any) and provide written reports by December 22, 2023.

        The parties agree that all expert designations and discovery concerning a claims for attorneys' fees, costs, and expenses is postponed until after trial, if necessary, or until attorneys' fees are otherwise granted in a pretrial proceeding.

G.      List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

        Plaintiff does not anticipate the use of expert witnesses at this time. However, Plaintiff may take the deposition(s) of any designated experts, and will do so before the close of discovery.

H.      List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

        Defendant may take the deposition(s) of any designated experts, and will do so before the close of discovery, except that a deposition or any expert on attorneys' fees may occur outside the discovery period, as discussed above.

11. <u>If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.</u>

    The parties are in agreement regarding the discovery plan.

12. <u>Specify the discovery beyond initial disclosures that has been undertaken to date.</u>

    No discovery has been served to date.

13. <u>State the date the planned discovery can reasonably be completed.</u>

    The date on which discovery can reasonably be completed will depend on the resolution of collective action certification and notice and the number of individuals who opt-in. However, the parties currently anticipate that they can complete discovery (other than on attorneys' fees, as discussed above) within eight months following the Court's resolution of Plaintiff's anticipated motion for collective action certification.

14. <u>Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.</u>

    The parties are exploring whether an early resolution is possible and will continue to explore the same throughout this litigation.

15. <u>Describe what each party has done or agreed to do to bring about a prompt resolution.</u>

    The parties have engaged in some discussions and have contemplated mediation should negotiations fail, as described below.

16. <u>From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.</u>

    If the parties are not able to resolve this matter through informal discussions, the parties agree that mediation with a mediator who has substantial experience and expertise in the FLSA may be suitable after the parties have had time to exchange sufficient information to evaluate their respective positions. However, the parties do not believe that mediation or other ADR would be productive until collective action certification and notice issues are resolved and the opt-in period (if any) closes.

17. <u>Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.</u>

    The parties do not agree to a trial before a magistrate judge.

18. <u>State whether a jury demand has been made and if it was made on time.</u>

    No jury demand has been made at this time.

19. <u>Specify the number of hours it will take to present the evidence in this case.</u>

    The parties anticipate that it will take 18-24 hours to present evidence in this case. However, the parties may need to amend this estimate based on discovery, and in particular depending upon the number of opt-ins (if any) who join the case.

20. <u>List pending motions that could be ruled on at the initial pretrial and scheduling conference.</u>

    None.

21. <u>List other motions pending.</u>

    None.

22. <u>Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.</u>

    None anticipated.

23. <u>Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.</u>

    Plaintiff filed his Certificate of Interested Parties on January 3, 2023. ECF No. 5. Defendant filed its Certificate of Interested Parties on February 21, 2023. ECF No. 10.

24. <u>List the names, bar numbers, addresses and telephone numbers of all counsel.</u>

**Plaintiff's Counsel**

Josh Sanford
Texas Bar No. 24077858
Colby Qualls

Ark. Bar No. 2019246
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211

| | |
|---|---|
| Telephone: (800) 615-4946<br>Facsimile: (888) 787-2040<br>colby@sanfordlawfirm.com<br>josh@sanfordlawfirm.com<br><br>**Defendant's Counsel**<br><br>Mark D. Temple<br>Texas Bar No. 00794727 | Emil M. Sadykhov<br>Texas Bar No. 24110316<br>811 Main Street, Suite 1100<br>Houston, Texas 77002<br>Telephone: (713) 751-1600<br>Facsimile: (713) 751-1717<br>mtemple@bakerlaw.com<br>esadykhov@bakerlaw.com |

*/s/ Colby Qualls*                          5/26/2023
Counsel for Plaintiff                       Date

*/s/ Mark D. Temple*                        5/26/2023
Counsel for Defendant                       Date


## CERTIFICATE OF SERVICE

I, the undersigned counsel, do hereby certify that on the 26th day of May, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send electronic notice of this filing to all counsel of record in this matter, and that a true and correct copy of the foregoing JOINT DISCOVERY/CASE MANAGEMENT PLAN was e-mailed to the following attorneys at the following e-mail addresses:

Mark. D. Temple
Emil M. Sadykhov
Baker & Hostetler LLP
811 Main, Suite 1100
Houston, Texas 77002
mtemple@bakerlaw.com
esadykhov@bakerlaw.com

                                        */s/ Colby Qualls*
                                        **Colby Qualls**