IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JEREMIAH DAVIDSON, Individually and on Behalf of All Others Similarly Situated, § § § *Plaintiffs*, § v. § LAUSON DRILLING SERVICES, INC., § § *Defendant*. § | § § § § CIVIL ACTION NO. 4:22-cv-04345 § § § § § |

**UNOPPOSED MOTION OF BAKER & HOSTETLER, LLP TO WITHDRAW AS COUNSEL FOR DEFENDANT LAUSON DRILLING SERVICES, INC. AND FOR AN EXTENSION OF THE REMAINING SCHEDULING ORDER DEADLINES**

Pursuant to Local Rule 83.2, Baker & Hostetler, LLP[1] ("BakerHostetler") files this Motion to Withdraw as Counsel for Defendant Lauson Drilling Services, Inc. ("Lauson") and for an extension of the remaining scheduling order deadlines, and respectfully states as follows:

1. On June 2, 2023, the Court entered a scheduling order under which discovery is due by February 28, 2024, dispositive motions are due by March 15, 2024, and docket call is set for May 6, 2024. (Dkt. 14).

2. There has been a complete breakdown in communication between Lauson and BakerHostetler which inhibits BakerHostetler's ability to provide any representation. Specifically, BakerHostetler has made numerous, repeated attempts to contact Lauson via email and phone call in the months since June 2023, but to date has not received any response. BakerHostetler has also informed Lauson of its intent to withdraw as its counsel of record, but Lauson's non-responsiveness has prevented BakerHostetler from obtaining Lauson's consent to the same.

---

[1] Including attorneys Mark D. Temple, Paul M. Knettel, and Emil M. Sadykhov.

3. An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *Gowdy v. Marine Spill Response Corp.*, 925 F.3d 200, 204 (5th Cir. 2019) (affirming district court's decision to permit counsel to withdraw). "The matter of attorney withdrawal is entrusted to the sound discretion of the court and will be overturned on appeal only for an abuse of that discretion." *Id.* (internal quotation marks omitted).

4. Clients' non-responsiveness constitutes good cause for the withdrawal of counsel. *See Graf v. Chesapeake Energy Corp.*, No. 5:17-CV-75, 2020 WL 13556552, at *2 (S.D. Tex. Mar. 31, 2020) (granting unopposed motion to withdraw as counsel of record due to a party's lack of responsiveness to counsel.); *see also G.K. v. D.M.*, No. CV 21-2242, 2022 WL 19404190, at *3 (E.D. La. Nov. 21, 2022) (granting motion to withdraw as counsel of record and opining that withdrawal is proper when there is a "total lack of communication.").

5. "Even where good cause for withdrawal exists, it is 'incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel.'" *Hernandez v. Aleman Const., Inc.*, No. 3:10-CV-2229-BN, 2014 WL 1794833, at *2 (N.D. Tex. May 5, 2014) (internal citations omitted). This requires the Court to consider certain additional factors before allowing an attorney to withdraw, including: "(1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take and the financial burden it would impose on the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) prejudice to the other parties; and (6) whether withdrawal will harm the administration of justice." *Id.* (citations omitted).

6. Here, good causes exist for BakerHostetler to withdraw as Lauson's counsel of record because BakerHostetler's repeated attempts to reach Lauson through emails and phone calls have been ignored. BakerHostetler made these attempts to discuss and potentially resolve the allegations raised by Davidson against Lauson. The irreconcilable difference as to the need for such communication has resulted in a total breakdown of the attorney-client relationship. For this reason, BakerHostetler cannot render an adequate defense of Lauson.

7. BakerHostetler's withdrawal will not significantly delay or disrupt this case, since it seeks only a 60-day extension of all remaining scheduling order deadlines. And, due to Lauson's refusal to communicate or otherwise engage with BakerHostetler on the proceedings in this lawsuit, work to render a defense will not be duplicated. Furthermore, there are no dispositive motions currently pending before the Court, and there are no facts to indicate Lauson would be prejudiced by having to obtain alternative counsel. Finally, Davidson is unopposed to the relief requested herein.

8. Taken together, BakerHostetler has shown good cause for the need to withdraw, and that the prosecution of this lawsuit will not be disrupted by the same. *Hernandez v. Aleman Const., Inc.*, No. 3:10-CV-2229-BN, 2014 WL 1794833, at *2 (N.D. Tex. May 5, 2014) (granting defense counsel's motion to withdraw given the breakdown of the attorney client relationship and after defense counsel was unsuccessful in convincing defendants to respond to their obligations in defending the lawsuit).

9. Lauson's name, mailing address, and telephone number are listed below:

Lauson Drilling Services, Inc.
P.O. Box 820
Columbus, Texas 79424
(979) 733-0345

10. Accordingly, BakerHostetler respectfully requests that this Court grant its Motion to withdraw as counsel for Lauson in this case.

11. To allow Lauson to obtain new counsel prior to expiration of the remaining scheduling order deadlines, BakerHostetler further respectfully requests a sixty (60) day extension of all remaining deadlines contained in the Court's June 2, 2023, scheduling order [Dkt. 14]. If granted, the new discovery deadline will be April 29, 2024, and dispositive motions will be due May 14, 2024. Davidson is unopposed to this extension request.

**Dated: February 22, 2024**                             **BAKER & HOSTETLER LLP**

By: */s/ Mark D. Temple*
    Mark D. Temple, a*ttorney-in-charge*
    Texas Bar No. 00794727
    Southern District ID No. 19552
    Paul M. Knettel, *of counsel*
    Texas Bar No. 24102031
    Southern District ID No. 3005240
    Emil M. Sadykhov, *of counsel*
    Texas Bar No. 24110316
    Southern District ID No. 3385031
    811 Main Street, Suite 1100
    Houston, Texas 77002
    Phone: (713) 751-1600
    Facsimile: (713) 751-1717
    mtemple@bakerlaw.com
    esadykhov@bakerlaw.com

**ATTORNEYS FOR DEFENDANT
LAUSON DRILLING SERVICES, INC.**

**CERTIFICATE OF CONFERENCE**

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on February 22, 2024, I conferred with counsel for Davidson, Sean Short, who indicated Davidson is unopposed to the relief requested in this Motion.

/s/ *Mark D. Temple*
Mark D. Temple

**CERTIFICATE OF SERVICE**

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on February 22, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of this filing to counsel of record:

Sean Short
Josh Sanford
SANFORD LAW FIRM
10800 Financial Centre Pkwy., Suite 510
Little Rock, AR  72211

/s/ *Mark D. Temple*
Mark D. Temple